IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LUIS CLARK,

       Plaintiff,

v.   : Civil Action No. 18-1563-CFC

WARDEN DAVID PIERCE, et al.,

       Defendants.

---

Luis Clark, SCI Frackville, Frackville, Pennsylvania.   Pro Se Plaintiff.

George Thomas Lees, III, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.   Counsel for Defendants.

## MEMORANDUM OPINION

August /8, 2020
Wilmington, Delaware

*[signature]*
**CONNOLLY, U.S. District Judge:**

Plaintiff Luis Clark ("Plaintiff"), a former inmate at the James T. Vaughn Correctional Center, now housed at SCI Frackville in Frackville, Pennsylvania, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (D.I. 2) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Before the Court is Defendants' motion to dismiss and/or to conduct an evidentiary hearing on the issue of exhaustion. (D.I. 21) The matter is fully briefed.

**I.     BACKGROUND**

Plaintiff's alleges violations of his constitutional rights. His claims concern incidents occurring before, during, and after the prison uprising at the James T. Vaughn Correctional Center in February 2017 when inmates took over C-Building, took hostages, and killed a correctional officer. Plaintiff commenced this action in October 2018. Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for an evidentiary hearing on the issue of exhaustion of administrative remedies. (D.I. 21) Plaintiff opposes.

**II.    LEGAL STANDARDS**

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim upon which relief can be granted a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

1

P. 8(a)(2). Detailed factual allegations are not required, but the complaint must set forth enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When considering Rule 12(b)(6) motions to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citations omitted).

## III. DISCUSSION

Defendants argue that dismissal is appropriate because the Complaint contains no assertion or allegation that Plaintiff made any effort to exhaust his administrative remedies prior to filing suit. (D.I. 21 at 3) In the alternative, Defendants propose limited discovery followed by an evidentiary hearing to resolve the exhaustion issue. (*Id.* at n.1) Plaintiff correctly responds that he is not required to plead that he exhausted his administrative remedies.[1] (D.I. 24)

---

[1] Plaintiff also submitted a declaration that he personally filed three grievances to which he received no response, and that C-Building inmates received a memo that stated that no C-Building inmates' grievances would be considered. (D.I. 24 at 27-28 at ¶¶ 5-6) The declaration is not considered in ruling on the Rule 12(b)(6) motion to dismiss.

2

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). The PLRA requires "proper exhaustion," meaning exhaustion of those administrative remedies that are "available." Woodford v. Ngo, 548 U.S. 81, 93 (2006).

Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint. Jones v. Bock, 549 U.S. 199 (2007); West v. Emig, 787 F. App'x 812, 814) (3d Cir. 2019); see also Small v. Camden Cty., 728 F.3d 265, 268 (3d Cir. 2013) ("Failure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff."). Failure to exhaust administrative remedies must be pled and proved by the defendant. Rinaldi v. United States, 904 F.3d 257, 268 (3d Cir. 2018); Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

Exhaustion applies only when administrative remedies are "available." See Ross v. Blake, __ U.S. __, 136 S. Ct. 1850 (2016). Administrative remedies are not available when the procedure "operates as a simple dead end--with officers unable or consistently unwilling to provide any relief to aggrieved inmates," where it is "so opaque that it becomes, practically speaking, incapable of use," or "when prison administrators

3

thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. "Just as inmates must properly exhaust administrative remedies per the prison's grievance procedures, prison officials must strictly comply with their own policies." *Downey v. Pennsylvania Dep't of Corr.*, __ F.3d __, 2020 WL 4432605, at *3 (3d Cir. Aug. 3, 2020) (citing *Shifflett v. Korszniak*, 934 F.3d 356, 367 (3d Cir. 2019) ("[W]e hold that [the PLRA] requires strict compliance by prison officials with their own policies."). "When an administrative process is susceptible [to] multiple reasonable interpretations, . . . the inmate should err on the side of exhaustion.'" *Id.* (quoting *Ross*, 136 S. Ct. at 1859).

Defendants' reliance on the absence of any mention in the Complaint that Plaintiff failed to exhaust his administrative fails as a matter of law. As discussed, Plaintiff is not required to plead exhaustion of administrative remedies. Moreover, Plaintiff argues in his response that he submitted three separate grievances after the riot and that he received a memo from the JTVCC warden and warden's designee that grievances submitted by inmates from C-Building would not be processed. Plaintiff's opposition raises a fact issue of whether his ability to access the grievance process was thwarted by JTVCC personnel.

In light of the foregoing, the Court finds that Defendants have not met their burden to prove that Plaintiff failed to exhaust his administrative remedies. Accordingly, Defendants' motion to dismiss will be denied without prejudice.

The Court agrees that limited discovery may resolve the issue of exhaustion of administrative remedies. Therefore, the parties will be ordered to submit a joint status

report on the issues of what discovery may be required, and a proposed schedule for summary judgment on the issue of exhaustion.   Once briefing is complete, the Court may serve as a factfinder on the issue of exhaustion and may (or may not) hold an evidentiary hearing.   See *Paladino v. Newsome*, 885 F.3d 203, 211 (3d Cir. 2018) (holding that district may act as factfinder on exhaustion after providing parties with notice and opportunity to respond).

## IV.   CONCLUSION

For the above reasons, the Court will: (1) deny Defendants' motion to dismiss (D.I. 21); and (2) order the parties to provide a report on limited discovery and summary judgment deadlines.

An appropriate order will be entered.

5