IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LUIS CLARK, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-1563-CFC |
| WARDEN DAVID PIERCE, et al., | : |
| Defendants. | : |

Luis Clark, James T. Vaughn Correctional Center, Smyrna, Delaware.   Pro Se Plaintiff.

Anna Elizabeth Currier, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.   Counsel for Defendants.

**MEMORANDUM OPINION**

January 18, 2022
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Luis Clark, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (D.I. 2) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Before the Court are Defendants' motion to compel and motion for summary judgment. (D.I. 38, 40) Plaintiff did not file a response to either motion.

## I.   BACKGROUND

Plaintiff alleges violations of his constitutional rights. His claims revolve around incidents that occurred before, during, and after the February 2017 prison uprising at the James T. Vaughn Correctional Center when inmates took over C-Building, held hostages, and a correctional officer was killed. Plaintiff commenced this action in October 2018.

Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for an evidentiary hearing on the issue of exhaustion of administrative remedies. (D.I. 21) The Court denied the motion without prejudice and ordered the parties to provide a report on limited discovery and summary judgment deadlines. (D.I. 28, 29) Defendants sent a letter to Plaintiff in an attempt to confer as ordered by the Court and, as of the date the joint status report was due, had received no response from Plaintiff. (D.I. 31) On November 19, 2020, Defendants served Plaintiff a request for production of documents, and on February 16, 2021 Defendants propounded interrogatories upon Plaintiff. (D.I. 33, 34) Plaintiff did not timely respond

1

to either discovery request. On March 22, 2021, Defendants filed a motion to compel. (D.I. 38) Plaintiff did not file a response to the motion to compel.

On May 19, 2021, Defendants filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies and to prosecute this case. (D.I. 41, 42) Plaintiff did not respond to the motion within the required time-frame. On July 13, 2021, the Court entered an order giving Plaintiff a final opportunity to respond to the motion for summary judgment on or before August 13, 2021. (D.I. 43) Plaintiff did not file a response.

## II. LEGAL STANDARDS

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the burden of persuasion at trial would be on the non-moving party, then the moving party may satisfy its burden of production by pointing to an absence of evidence supporting the non-moving party's case, after which the burden of production then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989).

Material facts are those "that could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). "[A] dispute about a material

fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Id.* (internal quotation marks omitted). A non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). The non-moving party's evidence "must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Williams*, 891 F.2d at 460-61.

The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). "[T]he facts asserted by the nonmoving party, if supported by affidavits or other evidentiary material, must be regarded as true . . . ." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). If "there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment." *Id.*

Finally, the Court will not grant the entry of summary judgment without considering the merits of Defendants' unopposed motion. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (holding that a district court should not

3

have granted summary judgment solely on the basis that a motion for summary judgment was not opposed.").

## III. DISCUSSION

The Court turns to the issue of Plaintiff's failure to prosecute this case. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019). The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

As discussed by Defendants, several factors warrant the sanction of dismissal. Plaintiff proceeds *pro se* and is responsible for prosecuting his case. He has taken no action since July 2, 2020, failed to respond to discovery requests, and failed to respond

4

Defendants' motion to compel and motion for summary judgment. Plaintiff's failure to participate in discovery is prejudicial to Defendants as it affects their ability to defend this case. Plaintiff's non-action in this case is testament to his dilatory behavior. Plaintiff proceeds *in forma pauperis* and, thus, it is doubtful that monetary sanctions would be effective. There is serious doubt as to the merits of Plaintiff's claims, as the record indicates that he failed to exhaust numerous claims raised. Finally, it appears that Plaintiff has abandoned the case. Upon consideration of the *Poulis* factors, the Court concludes that the factors weigh in favor of dismissal and that Plaintiff has failed to prosecute this case. Therefore, dismissal for failure to prosecute is appropriate.[1]

## IV.  CONCLUSION

For the above reasons, the Court will:  (1) deny as moot Defendants' motion to compel (D.I. 38); (2) grant Defendants' motion for summary judgment; and (3) dismiss the case for Plaintiff's failure to prosecute.

An appropriate order will be entered.

---

[1] Because it is appropriate to dismiss this case for failure to prosecute, the Court does not address the issue of exhaustion of administrative remedies other than to note that it is clear from the record that Plaintiff did not administratively exhaust many of the issues raised.